EASTERN DIS.
May, 1841.

NICOLET'S EX'R·
vs.
GLOYD ET AL.

---

## NICOLET'S EXECUTOR *vs.* GLOYD ET AL.

### APPEAL FROM THE COMMERCIAL COURT OF NEW ORLEANS.

Where the defendants, sued as drawers of a draft, plead the want of due notice, but admit it was for accommodation, and one of them offered to give endorsed notes in payment: *Held*, that the *onus probandi* of their having funds in the hands of the drawees, devolved on them.

This is an action against Gloyd & M'Donnell as the drawers of a bill of exchange in New York on J. & W. Gallaher, of New Orleans, for $3969, which was duly accepted, payable nine months after date, and protested for non-payment.

The defendants admit the drawing of the bill but rely on a want of due notice of protest. They plead a general denial.

It was proved the bill was an accommodation acceptance as admitted by one of the drawers; who also offered notes in payment at long dates.

It appeared in evidence that the notary addressed notices of

53    VOL. XVIII.

EASTERN DIS.
May, 1841.

NICOLET'S EX'R.
vs.
GLOYD ET AL.

protest to the drawers in New York, where the bill was made, instead of New Orleans, where they resided.

The judge *a quo,* however, considered them bound; that if they had not due notice it was incumbent on them to show they had placed funds in the hands of the drawees. From judgment against them the defendants appealed.

*Lockett & Micou,* for plaintiff.

*F. B. Conrad,* contra.

*Martin, J.* delivered the opinion of the court.

This is an action against the drawers of a bill of exchange protested for non-payment. The defendants pleaded the general issue ; there was judgment against them in solido, and they appealed. M'Donnell, one of the defendants, having failed and made a cession of his property since the rendition of the judgment in the court below, the syndic has appeared and made himself a party in this court.

The plea does not deny the signature of the defendants. Those of the endorsers and the protest, were duly proved; but regular notice does not appear to have been given to the defendants. It is however shown the defendants admitted that the draft was an accommodation one, and that one of the defendants, with the knowledge of the irregularity of notice, offered to give endorsed notes at long dates, which were refused.

The judge *a quo* has, in our opinion, correctly concluded that the foregoing testimony threw upon the defendants the *onus probandi* of their having had funds in the hands of the drawees, and that they suffered in any delay for want of notice of protest.

It is therefore ordered, adjudged and decreed that the judgment of the Commercial Court be affirmed with costs ; and it is further ordered that the portion of the insolvent, John M'Donnell, be paid by the syndic, R. Brenan, who is made a

Where the defendants, sued as drawers of a draft, plead the want of due notice, but admit it was for an accommodation, and one of them offered to give endorsed notes in payment:— *Held,* that the *onus probandi* of their having funds in the hands of the drawees devolved on them.

party in this court, out of the estate, in due course of adminis-
tration.